NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 3 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LARRY DONNELL DUNLAP,

        Plaintiff - Appellant,

  v.

SIJI THOMAS, Nurse Practitioner;
KARANJA ADAMS, Nurse Practitioner;
Doctor RONALD STEWART;
NAPHCARE, INC., Medical Provider,

        Defendants - Appellees.

No. 25-2946

D.C. No.
2:23-cv-00666-DJH

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted July 31, 2026[**]

Before: MURGUIA, Chief Judge, and WARDLAW and JOHNSTONE, Circuit
Judges.

      Larry Donnell Dunlap, a prisoner in the custody of the Arizona Department

of Corrections, appeals from the district court's summary judgment in his action

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

alleging inadequate medical care claims under the Eighth Amendment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review a district court's grant of summary judgment de novo. *Dees v. County of San Diego*, 960 F.3d 1145, 1151 (9th Cir. 2020). "We must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inference in the nonmoving party's favor." *Rookaird v. BNSF Ry. Co.*, 908 F.3d 451, 459 (9th Cir. 2018). Summary judgment is appropriate when there is no genuine dispute of any material fact. *Id.*

The Eighth Amendment prohibits "cruel and unusual punishment, which prevents government officials from acting with deliberate indifference to a prisoner's health and safety or serious medical needs." *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1248 (9th Cir. 2016) (internal citations omitted). The district court properly granted summary judgment.

First, Dunlap failed to raise a genuine issue of material fact as to whether Nurse Practitioners Siji Tomas and Grace Adams were deliberately indifferent in treating his medical conditions. *See Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc). Dunlap's disagreement with his medical plan, without more, does not create a triable issue as to whether Defendants were deliberately indifferent to his medical needs. *See Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (holding that "a prisoner must show that the chosen course of treatment was

medically unacceptable under the circumstances, and was chosen in conscious disregard of an excessive risk to the prisoner's health" (citation and internal quotation marks omitted) (alterations omitted)).

Second, as to Dunlap's claim against NaphCare, the prison's contracted healthcare provider, Dunlap failed to identify evidence that demonstrates existence of a NaphCare policy that requires healthcare providers monitor chronic conditions, as opposed to recommend treatment. *See Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy.").

To the extent Dunlap argues that NaphCare improperly withheld medical records, the claim is not preserved, as Dunlap raised the argument for the first time in his motion for reconsideration. *See Hendricks & Lewis PLLC v. Clinton*, 766 F.3d 991, 998 (9th Cir. 2014).

**AFFIRMED**[1]

---

[1] Dunlap's Motion for a Copy of the Informal Brief (Dkt. No. 4) is denied as moot.